UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-60533-VALLE

IVY BETH HANDSMAN and
MICHAEL MICALIZZI,

     Plaintiffs,

v.

BANJAMIN PRAYZ,

     Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant Benjamin Prayz's ("Defendant") Motion to Dismiss (ECF No. 32) (the "Motion"). Pursuant to Administrative Order 2025-11, the undersigned United States Magistrate Judge was randomly assigned as the presiding Judge for all purposes in this case, including entering a dispositive order, presiding over any trial, and entering a final judgment.[1] *See* (ECF No. 19).

Having reviewed the Motion, Plaintiffs' Response (ECF No. 33), Defendant's Reply (ECF No. 34), and being otherwise duly advised, it is hereby **ORDERED AND ADJUDGED** that the Motion is **GRANTED IN PART** for the reasons set forth below.

### I.    BACKGROUND

On January 13, 2025, pro se Plaintiffs Ivy Beth Handsman and Michael Micalizzi ("Plaintiffs") filed a Complaint against Defendant and his then attorney Craig Dearr in the United States District Court for the District of Massachusetts, alleging fraud in the administration of the

---

[1] The parties did not request reassignment of the case to a District Judge.

parties' deceased mother and stepfather's estates, which were probated in Broward County, Florida. *See generally* (ECF No. 1). Defendant Dearr moved to dismiss the Complaint for lack of personal jurisdiction, improper venue, and failure to state a claim. *See generally* (ECF No. 8). The District Court in Massachusetts granted Dearr's motion, noting that Plaintiffs "ha[d] now received [the] property due to them[] [and] because any independent injury associated with the delay presumably would have been felt in Connecticut, where plaintiffs live, or in Florida, where the alleged actions occurred, there is no basis to exert personal jurisdiction over Dearr in Massachusetts." (ECF No. 11). Defendant Prayz (the sole remaining defendant) then filed a motion to transfer the case to the Southern District of Florida, which the Court granted. *See* (ECF Nos. 14, 15, 16, 17).

Thereafter, Plaintiffs filed an Amended Complaint. *See* (ECF Nos. 21, 22, 23). In the Amended Complaint, which is the operative pleading, Plaintiffs allege that Defendant attempted to defraud Plaintiffs in the distribution of the two estates. *See generally* (ECF No. 24) (the "Amend. Compl."). In part, the Amended Complaint alleges that Plaintiff Handsman and Defendant entered into a contract in which Defendant, as personal representative of the mother's estate, agreed to distribute to Plaintiff Handsman certain jewelry and photos (the "Property") from the estate. Amend. Compl., Part III, ¶ 2. Plaintiffs claim that during the probate proceedings, Defendant attempted on multiple occasions to coerce Plaintiff Handsman to close her mother's estate (and subsequently her stepfather's estate), prior to the distribution of the estates' assets to Plaintiff Handsman. *Id.* ¶¶ 5-12.

As a result, in April 2024, Plaintiffs filed a lawsuit against Defendant in Suffolk County Superior Court. *Id.* ¶ 14. Shortly after being served the summons, Defendant delivered the Property to Plaintiff Handsman. *Id.* Nonetheless, Plaintiff Handsman sought to keep the case

2

open "to seek punitive damages," but the court dismissed the case in December 2024. *Id.* ¶¶ 14-15.

Thereafter, Plaintiffs filed the instant lawsuit against Defendant, alleging a scheme with intent to defraud Plaintiffs of their inheritance through administration of the two estates. The case was transferred to the Southern District of Florida in March 2025. (ECF Nos. 14, 15, 16, 17).

In the instant Motion, Defendant seeks dismissal of the Amended Complaint for lack of jurisdiction and for failure to state a claim upon which relief can be granted. *See generally* (ECF No. 32).

## II. LEGAL STANDARDS

### A. Pleadings by Pro Se Litigants

Pleadings by pro se litigants "are held to a less stringent standard than pleadings drafted by an attorney and will, therefore, be liberally construed." *James v. Freedom Mortg. Corp.*, No. 23-CV-13039, 2024 WL 1509682, at *2 (11th Cir. Apr. 8, 2024) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)); *see also Torres v. Miami-Dade Cnty.*, 734 F. App'x 688, 691 (11th Cir. 2018) ("Liberal construction, in more concrete terms, means that federal courts must sometimes look beyond the labels used in a pro se party's complaint and focus on the content and substance of the allegations."). This leniency, however, does not give the Court "license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *James*, 2024 WL 1509682, at *2 (citation omitted).

### B. Federal Jurisdiction

Federal district courts are courts of limited jurisdiction and the law presumes that "a cause of action lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins.* Co., 511 U.S. 375, 377 (1994). The court must dismiss a pleading if the court lacks subject matter jurisdiction. Fed.

3

R. Civ. P. 12(b)(1), (h)(3).  To proceed with a case, a federal district court must have at least one of three types of subject matter jurisdiction: (i) jurisdiction under a specific statutory grant; (ii) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (iii) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

Federal question jurisdiction exists only when the plaintiffs' well-pleaded complaint presents issues of federal law.  *Allah El v. Avesta Homes, LLC*, 520 F. App'x 806, 807 (11th Cir. 2013).  Diversity jurisdiction exists where "all plaintiffs [are] completely diverse from all defendants, meaning that they must be citizens of different states or citizens of a state and citizens of a foreign state, and the amount in controversy must be more than $ 75,000."  *Id*.

### C.  Motion to Dismiss under Rule 12(b)(6)

To withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must plead enough facts to state a claim that is "plausible on its face."  *Alcon Lab'ys, Inc. v. Allied Vision Grp., Inc.*, No. 18-CV-61638, 2019 WL 2245584, at *1 (S.D. Fla. Mar. 7, 2019) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  A court's review of the sufficiency of the complaint is limited to the allegations presented in the complaint and exhibits attached thereto.  *Id.* (citing *GSW, Inc. v. Long Cty., Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  All factual allegations in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff.  *Id.* (citing *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (citations omitted)); *see also Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998) (citations omitted).

On the other hand, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim.  *Iqbal*, 556 U.S. at 679; *see also Fils v. City of Aventura*, 647 F.3d

1272, 1284 (11th Cir. 2011) (explaining that courts may not act as a litigant's lawyer and construct the party's theory of liability from facts never alleged, alluded to, or mentioned during the litigation). Although a plaintiff need not provide "detailed factual allegations," the complaint must contain more than labels and conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Bell v. Twombly*, 550 U.S. 544, 555 (2007)) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

### III.   DISCUSSION

#### A. This Court Lacks Subject Matter Jurisdiction

The party seeking to invoke federal subject matter jurisdiction bears the burden of demonstrating the existence of such jurisdiction. *McCormick v. Alderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Therefore, a plaintiff must "affirmatively allege facts demonstrating the existence of jurisdiction." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

Here, the Amended Complaint alleges the existence of both federal question and diversity jurisdiction. Amend. Compl., Part II, ¶¶ 1, 1-3. As a basis for federal question jurisdiction, Plaintiffs cite 18 U.S.C. § 1343, the criminal wire fraud statute. *Id.* ¶ 1. This criminal statute, however, does not provide a civil remedy nor confer federal question jurisdiction on this Court. Thus, because no federal law (e.g., violations of federal civil statutes, treaties, or the Constitution) is implicated in the Amended Complaint, Plaintiffs have not met their burden to establish federal question jurisdiction. *See* 28 U.S.C. § 1331.

Alternatively, as a basis for diversity jurisdiction, Plaintiffs allege that they are citizens of Connecticut, Defendant is a citizen of Florida, and the amount in controversy is $80,000, which exceeds the required $75,000 jurisdictional threshold. Amend. Compl., Part II, ¶¶ 1-3. Although

the allegations initially appear to satisfy the diverse citizenship requirement, Plaintiffs have nonetheless not met their burden of establishing the requisite amount in controversy. As to amount in controversy, the Amended Complaint alleges that the jurisdictional amount is based on approximately $50,000 in probate attorneys' fees,[2] plus other undefined damages for "elder abuse, the intentional infliction of emotional distress, the scheme to defraud, and the attempt to alter [the deceased mother's] Will," which, when combined, "Plaintiffs feel that $80,000.00 . . . is an appropriate and fair amount of relief being sought for this action." *Id.*, Part V, ¶¶ 4, 8. Even reading the Amended Complaint liberally, Plaintiffs have failed to include sufficient facts to support the claimed jurisdictional amount and have therefore not met their burden of establishing the elements for diversity jurisdiction. *See Taylor*, 30 F.3d at 1367; *McCormick*, 293 F.3d at 1257.

Accordingly, the Amended Complaint can be dismissed for failure to establish federal question or diversity jurisdiction.

**B.  Plaintiff's Amended Complaint Fails to State a Claim**

In addition, the Amended Complaint fails to state a claim for relief. To withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must plead enough facts to state a claim that is "plausible on its face." *Alcon Lab'ys, Inc. v. Allied Vision Grp., Inc.*, No. 18-CV-61638, 2019 WL 2245584, at *1 (S.D. Fla. Mar. 7, 2019) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Here, Plaintiffs' only cause of action is titled "Intent to Defraud," and alleges that the "scheme was carried out via email communications from Florida to Connecticut[,] which is a violation under [18 U.S.C. § 1343]." Amend. Compl., Part IV, ¶ 9. But "Intent to Defraud" is not

---

[2] Relatedly, as a general rule, only attorney's fees allowed by statute or by contract count towards the amount in controversy. *Shelly v. Target Corp.*, 446 F. Supp. 3d 1011, 1013 (S.D. Fla. 2019) (citing *Fed. Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 n.4 (11th Cir. 2003)).

6

a legally cognizable cause of action. Nor does the federal criminal wire fraud statute create a private civil cause of action or otherwise endow this Court with jurisdiction over this matter.

In deference to Plaintiffs' pro se status, however, the Court will analyze the allegations in the Amended Complaint under the common law fraud framework, as that is the most analogous cause of action to a scheme with intent to defraud. To state a claim for common law fraud under Florida law, a plaintiff must establish: (i) a false statement of fact; (ii) known by the person making the statement to be false at the time it was made; (iii) made for the purpose of inducing another to act in reliance thereon; (iv) action by the other person in reliance on the correctness of the statement; and (v) resulting damage to the other person. *Huang v. Chen*, No. 22-CV-60354, 2023 WL 6376703, at *3 (S.D. Fla. Sept. 14, 2023), *report and recommendation adopted*, 2023 WL 6376737 (S.D. Fla. Sept. 29, 2023) (citing *Gustin v. Bank*, 859 F. App'x 889, 891 (11th Cir. 2021)). The Amended Complaint, however, fails to allege every element of a claim for fraud.[3] Accordingly, the Amended Complaint can also be dismissed for failure to state a claim.

Nonetheless, because Plaintiffs are appearing pro se, the Court will give Plaintiffs one final opportunity to amend their complaint to properly state a cause of action. *See Carter v. HSBC Mortg. Servs., Inc.*, 622 F. App'x 783, 786 (11th Cir. 2015) (noting that a pro se plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice, at least where a more carefully drafted complaint might state a claim") (citations and quotations omitted); *see also Watkins v. Hudson*, 560 F. App'x 908, 911 (11th Cir. 2014) (finding district court erred in dismissing claims with prejudice where the court could not say "with certainty" that amendment would be futile).

---

[3] Additionally, the Court questions whether Plaintiff Micalizzi is a proper Plaintiff in this action, as there are no facts in the Amended Complaint that support his involvement in the underlying events. *See* (ECF No. 32 at 3).

## IV.    CONCLUSION

For the reasons set forth above, it is hereby **ORDERED AND ADJUDGED** that:

1.    The Motion (ECF No. 32) is **GRANTED IN PART**;[4]

2.    The Amended Complaint (ECF No. 24) is **DISMISSED WITHOUT PREJUDICE**.  Plaintiffs may file a Second Amended Complaint within **14 days** from the date of this Order.  The Second Amended Complaint must properly allege: (i) subject matter jurisdiction; and (ii) a proper cause of action; and

3.    The case is administratively **CLOSED**, and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on January 21, 2026.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:    All counsel of record

Ivy Beth Handsman & Mike Micalizzi, Pro Se
55 Mill Plain Rd. #21-8
Danbury, CT 06811

---

[4] Although the Motion sought to dismiss the Amended Complaint *with* prejudice, (ECF No. 32 at 1, 8), the undersigned is giving Plaintiffs one more chance to amend their pleading and is therefore granting the relief requested in the Motion only in part.